UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
A.A., by his next friend and parent, C.A. and B.A., by
her next friend and parent, C.A.,                                       20-cv-03849-CS

                              Plaintiffs,                                           **STIPULATION**

      -against-

MAMARONECK UNION FREE SCHOOL
DISTRICT; MAMARONECK UNION FREE
SCHOOL DISTRICT BOARD OF EDUCATION;
DR. ROBERT M. SHAPS, Superintendent of
Mamaroneck Union Free School District, in his
official and individual capacities; ELIZABETH
CLAIN, Principal of Mamaroneck High School, in her
official and individual capacities; and MARIO
WASHINGTON, Assistant Principal of Mamaroneck
High School, in his official and individual capacities,

                              Defendants.
-------------------------------------------------------------------X

       The following provisions shall govern the exchange of confidential information in this matter:

       1.     Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, information contained in a response to a Request for Admission, information revealed during a deposition, transcript of an entire deposition, and all copies thereof and information contained therein as confidential if they satisfy the terms set forth in Paragraph 2. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information." Any party issuing a subpoena to any non-party shall enclose a copy of this Order and advise the nonparty that it has the right to designate documents, testimony, or other information it produces Confidential Information pursuant to, and

consistent with, the terms of this Order. Any nonparty invoking the Order shall comply with, and be subject to, all applicable sections of the Order.

  2. As used herein, "Confidential Information" shall mean all materials listed in Paragraph 1 which contain or refer to medical, psychological, or therapy records; employment or personnel records; children's educational records, including but not limited to academic and disciplinary records; the name or identifying details or any minor child, or information about such minor child's parent that could disclose the identity of the minor child; personal, family, or professional history; sensitive personally-identifying information such as personal addresses, phone numbers, birth dates, e-mail addresses, Social Security numbers, driver's license numbers, and IP addresses, and/or tax and financial records. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

  3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party shall provide to the designating party written notice of its disagreement with the designation, describing with particularity the Confidential Material in question and stating the grounds for objection. The designating party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void. If a timely written response to the objection is made, counsel for the parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court consistent with the Court's discovery rules. The burden shall be

on the designating party to make an adequate showing to the Court that the challenged confidentiality designation is appropriate. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except: a. The requesting party and counsel, including in-house counsel; b. Employees of such counsel assigned to and necessary to assist in the litigation; c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions. d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel; e. Subject to the condition set forth in Paragraph 6 below: any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and f. Subject to the condition set forth in Paragraph 6 below: any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer who have been advised of their obligations hereunder.

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall: a. inform the person of the confidential nature of the information or documents; and b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on the condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The inadvertent disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of fact discovery in this matter or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order and re-produced with the appropriate "CONFIDENTIAL" stamp by the party producing the document or information in question

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: August 27, 2020

**SILVERMAN & ASSOCIATES**

By: _____
    Amanda E. D'Amico
    Attorneys for Defendants
    445 Hamilton Avenue, Suite 1102
    White Plains, NY 10601
    (914) 574-4510

**EMERY CELLI BRINCKERHOFF**
**ABADY WARD & MAAZEL LLP**

By: _____
    Emma L. Freeman
    Attorneys for Plaintiff
    600 Fifth Avenue, 10th Floor
    New York, NY 10020
    (212) 663-5000

SO ORDERED.

_____  8/27/20
CATHY SEIBEL, U.S.D.J.

5

EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: A.A., et al. v. Mamaroneck Free Union School District, et. al, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED:

Signed in the presence of:

_____

(Attorney)